IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TAYLOR ELLISOR | § | |
|    *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:22-cv-78 |
| | § | |
| FREDONIA HOSPITALITY, LLC | § | |
| D/B/A THE FREDONIA HOTEL & | § | |
| CONVENTION CENTER | § | |
|    *Defendant* | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Plaintiff, TAYLOR ELLISOR** ("Plaintiff" or "Ms. Ellisor"), files this Complaint and would respectfully show the Court as follows:

### PARTIES

1.  Plaintiff is an individual who presently resides in Nacogdoches, Texas.

2.  **Defendant, FREDONIA HOSPITALITY, LLC D/B/A THE FREDONIA HOTEL & CONVENTION CENTER ("Defendant" or "Fredonia")**, is a Texas Limited Liability Company. Defendant may be served with process through its Registered Agent for Service of Process, Richard DeWitt, Jr. at 412 North Street, Suite F, Nacogdoches, Texas 75961.

### JURISDICTION AND VENUE

3.  Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3).

4.  Venue is proper in the U.S. District Court for the Eastern District of Texas, Lufkin Division, pursuant to 28 U.S.C. §1391(b) because the unlawful practices alleged below were committed therein.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this suit within (90) days of receiving a Notice of Right to Sue from the EEOC, a true and correct copy of which is attached hereto as Exhibit "A."

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## FACTS

7. Plaintiff was hired by Defendant as a hotel front desk agent on July 15, 2020.

8. On or about January 7, 2021, Plaintiff, a female, learned that she was pregnant.

9. On or about January 13, 2021, Plaintiff informed her manager at the Fredonia, Candace Krondroik, that she was pregnant.

10. Plaintiff asked Krondroik what she should expect with work and eventually needing maternity leave.

11. Krondroik appeared to be slightly annoyed and responded with "[f]irst of all, you don't get paid maternity leave.  That's something to think about."

12. Plaintiff was shocked by Krondroik's response as Krondroik came across as annoyed and appeared to view Plaintiff's pregnancy as an inconvenience.

13. At this point, Plaintiff was not aware of any disciplinary issues or write-ups concerning her employment with Fredonia.

14. According to the Fredonia, **the same day that Plaintiff informed Krondroik of her pregnancy**, Krondroik received a "complaint" by text message from another Fredonia employee that Plaintiff had left her station for a few minutes to get lunch from her boyfriend.

15. Krondroik responded to the complaint by texting back "Thank you Kels" followed by two double heart emojis.

16. On January 20, 2021, Plaintiff accompanied her boyfriend to the hospital due to a medical issue.

17. When she was contacted by Krondroik, Plaintiff texted Krondroik and told her that she was stuck at the hospital with her boyfriend but would be at the Fredonia as soon as possible.

18. When Plaintiff arrived for her shift, Krondroik told Plaintiff that she was being terminated for having her boyfriend bring her lunch to the hotel—seven days prior, a purported issue with a customer transaction, and being late.

19. Krondroik had Plaintiff sign an "Employee Warning Notice" but did not give Plaintiff a copy at the time.

20. Several days later, after Plaintiff requested a copy of her W-2 and the "Employee Warning Notice," she was provided with an "Employee Warning Notice" that bore her signature and the date January 20, 2021.

21. Curiously, the document states that Plaintiff was late for her shift on <u>January 21, 2021</u>.

22. Further, the "Employee Warning Notice" contradicts itself by indicating "Dismissal" as "Action to be taken" but then states "Will determine if further action should be taken."

23. In sum, within seven days of learning that Plaintiff was pregnant and reacting negatively to the news, Krondroik issued Plaintiff her only write up in over six months' employment at the Fredonia and terminated Plaintiff.

## COUNT ONE – SEX DISCRIMINATION

24. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e(f).

25. Plaintiff was also pregnant at the time that she was discriminated against by Plaintiff. *See* 42 U.S.C. §2000e(k)

26. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

27. Defendant intentionally discriminated against Plaintiff "because of [her] sex" or "on the basis of [her] sex" by terminating Plaintiff one week after learning that Plaintiff was pregnant. *See* 42 U.S.C. §2000e(k) (The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes…").

28. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

29. To the extent that Defendant contends that it terminated Plaintiff for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

30. Alternatively, the reason(s) given for Plaintiff's termination, while true, are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.

## DAMAGES

31. Plaintiff was terminated from employment by Defendant. Although she has diligently sought other employment, she has incurred lost wages in the form of back pay and front pay. In addition, Plaintiff has incurred expenses in seeking other employment.

32. Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of Social Security benefits.

33. Reinstatement to Plaintiff's previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits.

34. Plaintiff seeks compensatory damages available for pain, suffering, inconvenience, embarrassment, mental anguish, loss of enjoyment of life, and other noneconomic losses.

35. Based on Defendant's discriminatory conduct and blatant and deliberate disregard for anti-discrimination laws, Plaintiff seeks punitive and/or exemplary damages

## ATTORNEY'S FEES

36. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorneys' fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appeal, under *Title VII of the Civil Rights Act of 1964*, 42 U.S.C. §2000e-5(f)(3).

## INTEREST

37. Plaintiff is entitled to prejudgment and post-judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a. Compensatory damages;

b. Back pay and front pay;

c. Punitive/exemplary damages;

d. Attorney's fees and costs;

e. Prejudgment and post-judgment interest;

f. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

_____
**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 – Telephone
(888) 430-2559 – Fax

**ATTORNEY FOR PLAINTIFF**